RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 8/8/11
BY___

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RITCHEL DESVARIEUX,<br>　　　　Petitioner | CIVIL ACTION<br>SECTION "P"<br>1:11-CV-00549 |
| VERSUS | |
| JANET NAPOLITANO, et al.,<br>　　　　Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

　　Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Ritchel Desvarieux ("Desvarieux") on April 5, 2011. Desvarieux, a native and citizen of Haiti, contests his continued detention since September 26, 2010 by the Bureau of Customs and Immigration Enforcement ("BICE") pending his removal from the United States to Haiti. At the time of filing his petition, Desvarieux was being detained in the LaSalle Detention Facility in Trout, Louisiana. The sole relief requested by Desvarieux is release from custody pending his removal, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

　　On July 18, 2011, the respondent filed a motion to dismiss

Desvarieux's petition (Doc. Item 8), showing through an affidavit by Brian Gueringer, Assistant Field Director for the Department of Homeland Security, ICE, that Desvarieux was removed from the United States on July 12, 2011 (Doc. Item 8, Ex.). Since Desvarieux has been released and thus has achieved the sole relief requested in his habeas petition, Desvarieux's habeas petition has been rendered moot and should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Desvarieux's habeas petition be DENIED AND DISMISSED WITH PREJUDICE AS MOOT.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

2

the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Alexandria, Louisiana on the 5th day of August, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3